# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Deborah Tollison and Harvey Tollison, | Civil Action No. 9-19-1944-RMG |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| Michael Malawy, | |
| Defendant. | |

Before the Court is a motion for summary judgment by Nationwide Mutual Fire Insurance Company ("Nationwide") as underinsured motorist carrier and in the name of Defendant Michael Malawy. (Dkt. No. 9.) For the reasons set forth below, the motion is denied.

## I. Background

Plaintiffs Deborah and Harvey Tollison initiated this lawsuit in the Jasper County Court of Common Pleas on May 31, 2019. (Dkt. No. 1-1 at 1.) They bring two claims—negligence and Harvey's loss of consortium—arising from a June 7, 2016 car accident between Deborah and Defendant Michael Malawy that occurred in Jasper County. (*Id.* at 3.) The Court conducted a status conference on January 9, 2020 and Plaintiffs responded in opposition to Nationwide's motion. (Dkt. No. 22.)

## II. Legal Standard

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact," entitling it to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment should, therefore, be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue

has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this threshold demonstration, the non-movant must demonstrate specific, material facts that give rise to a genuine issue. *Id.* at 324. For this showing, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-movant's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

"No action may be brought under the underinsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the underinsured motorist provision." S.C. Code Ann. § 38-77-160. "Under this provision, summary judgment [is] properly granted [to the] insurer because [the plaintiff] failed to comply with the requirement that she serve on Insurer copies of pleadings in an action against the at-fault driver." *Williams v. Selective Ins. Co. of Southeast*, 446 S.E.2d 402, 404 (S.C. 1994). A plaintiff's "failure to pursue an action against the at-fault driver result[s] in a total waiver of Insurer's right to defend." *Id.*

Nationwide argues that Plaintiffs waived their underinsurance claim by failing to commence this action against the at-fault driver, Defendant Malawy, because there was no evidence that he was served. South Carolina imposes a three-year statute of limitations on personal injury actions. S.C. Code Ann. § 15-3-530(5). If not accomplished within the statute of limitations, "actual service must be accomplished not later than one hundred twenty days after filing." S.C. R. Civ. P. 3(a)(2). The car accident occurred on June 7, 2016. The complaint was filed in the Jasper

County Court of Common Pleas less than three years later, on May 31, 2019. Malawy was served more than 120 days later, on November 16, 2019. (Dkt. No. 23.)

Plaintiffs respond that the statute of limitations should be equitably tolled because Malawy evaded service and created an undue delay. The party seeking equitable tolling bears the burden of "establishing sufficient facts to justify its use." *Hooper v. Ebenezer Sr. Servs. and Rehab. Ctr.*, 687 S.E.2d 29, 32 (S.C. 2009). Plaintiffs have met that burden, here. On June 15th, June 22nd, and July 6th, the DuPage County Sheriff's Office in Illinois attempted to serve Malawy at what Plaintiffs identified from voluminous public records as his residence. (Dkt. No. 22-6 at 5-23.) Deputy Sheriff James Mendrick was informed by Malawy's mother that Malawy had moved to Arizona. (Dkt. No. 22-3.) The DuPage County Sheriff's Office returned the affidavit of non-service to Plaintiffs forty-one days after it was delivered. (Dkt. No. 22 at 9.) On September 19th, September 23rd, and September 30th, Maricopa County Deputy Sheriff Paul Penzone attempted service at Malawy's Arizona residence, but there was "no answer at residence and no return call from when business card was left." (Dkt. No. 22-4.) The Maricopa County Sheriff's Office returned an affidavit of non-service to Plaintiffs twenty-four days later. (Dkt. No. 22 at 9.) Then, on November 16th, the private process server that Plaintiffs hired served Malawy, by leaving the summons and complaint on the ground at the residence the Maricopa County Deputy Sheriff had visited, with a man who claimed his name was "Brad." The man met Malawy's physical description, but refused service, claiming first that Malawy did not live there, but then that Malawy lived there and was not home. (Dkt. No. 22-5.)

"Equitable tolling may be applied where it is justified under all the circumstances." *Hooper*, 687 S.E.2d at 33. The circumstances of this case—where Plaintiffs "rely on the public

records," "diligently pursued service," and "the defendant is shown to have actively misled" Plaintiffs—warrant equitable tolling. *Id.* (internal citations and quotation marks omitted).

Nationwide's motion for summary judgment based on the statute of limitations is denied because the statute of limitations for service on Malawy was equitably tolled.

## IV. Conclusion

For the foregoing reasons, Nationwide's motion for summary judgment (Dkt. No. 9) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

January 2Y, 2020
Charleston, South Carolina